

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Walker Carson
County Attorney
Hudspeth County
Sierra Blanca, Texas

Dear Sir:

Opinion No. 0-5796
Re: Whether a county can legal-
ly pay the salary of the clerk
to work in a branch office of
the O.P.A. within the county.

Your letter of January 4, 1944, requesting the opin-
ion of this department regarding the matter stated therein
reads as follows:

"I should like to have an opinion from your
department as to whether or not a county can
legally pay the salary of a clerk to work in a
branch office of the O.P.A. within the county.

"As to the brief of this question, I am
at a disadvantage, more or less, as Hudspeth
County has no reference library, and I find no
decisions in the reports from your office affect-
ing county cooperation with the O.P.A.

"Article 2351, R.C.S., outlines the powers
and duties of the Commissioners' Court, and this
article reflects no authority upon the Commis-
sioners' Court to expend county funds in the
manner mentioned above. Section 17 provides for
cooperation with the U. S. Department of Agri-
culture, and Article 2351b-2, R.C.S., provides
that the Commissioners' Courts in all counties

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

having a population from 22,050 to 23,000 may aid State and Federal Agencies, which population bracket would exclude Hudspeth County.

"I find nothing in the statutes which appears to authorize the expenditure of county funds in the manner above mentioned, and therefore it is my opinion that such expenditure would be illegal on the part of the Commissioners' Court.

"I would appreciate an opinion from your office on this question as soon as possible, as the O.P.A. has offered to establish a branch office within the county for the convenience of those citizens living a considerable distance from the county seat, providing the Commissioners' Court will pay a clerk to handle such branch office."

Generally speaking, our courts have repeatedly said in the past that the powers of the commissioners' court and the offices of counties are limited to those expressly granted to them by the constitution and statutes, and such powers as are necessarily implied from those expressly granted. (Mills County vs. Lampasas County, 40 S.W. 552, 90 Tex. 603; Commissioners' Court of Madison County vs. Wallace, et al, 15 S.W. (2d) 535; Von Rosenberg, et al. vs. Lovett, 133 S.W. 508; Commissioners' Court of Harris County vs. Kaiser, et al, 23 S.W. (2d) 840; City of Breckenridge vs. Stephens County, 120 Tex. 318, 40 S.W. (2d) 43, Nunn-Warren Publishing Company vs. Hutchinson County, 45 S.W. (2d) 651; Hogg vs. Campbell, et al, 48 S.W. (2d) 515; and Landman vs. State, 97 S.W. (2d) 264)

We have carefully considered your request and find no authority whatsoever authorizing the commissioners' court to expend county funds for the above mentioned purpose. Therefore, in the absence of any statute either expressly or by implication authorizing the commissioners' court to expend county funds for the above mentioned purpose it is our opinion that the

county cannot legally pay the salary of a clerk to work in a branch office of the O.P.A.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ff

